\*PECK *v*. HAMLIN AND OTHERS. [\*247]

Where a defendant is examined by the complainant, in relation to the amount due the complainant, on account of certain property sold by the defendant on commission, it is not sufficient for the defendant to refer to his books of account, produced before the master; but he must give the best

1828.

Peck
v.
Hamlin.

answer he can from recollection and information, aided by a recurrence to the books and papers, immediately within his control and possession, accompanied by such explanations, responsive to the questions put, as are necessary to prevent improper conclusions being drawn from his answers.

Nov. 10th.

THIS case came up on exceptions to the master's certificate of the sufficiency of the examination of the defendants in the master's office. The object of the examination by the complainant was to ascertain the amount due on account of the proceeds of glass received by the defendants, to be sold on commission. By the interrogatories, the defendants were required to answer, whether the several sums of money mentioned in a schedule annexed, were received by them at or about the times therein mentioned, for glass sold on account of the complainant. Some other interrogatories were also put to the defendants, the sufficiency of their answers to which depended upon the same principle. They answered in substance, that they recollected some of the sales, particularizing them; but that as to the others, they did not recollect of the sales being made, or the moneys being received, &c., nor were they informed thereof; but that all sums of money or proceeds received on account of the sales of the glass, according to their best recollection, and as they believed, were mentioned, and entries thereof contained in their books of account, or some of them, which they had already produced before the master; and that such entries contained the dates and sums precisely, and the number of the boxes sold; that they have, at different times, seen the entries in the said books, but they do not recollect, and are not informed of the particular contents of any such entries.

*M. Dyckman*, for complainant.

*C. F. Grim* and *A. S. Garr*, for the defendants, relied upon the case of *White* v. *Williams*, (8 Ves. 193.)

[*248]

*THE CHANCELLOR :—The struggle between the parties in this case appears to be, whether the complainant shall

be compelled to produce the defendant's books in evidence, in which case all the entries therein will be taken together, or whether the defendants shall be compelled to look into the books, and then answer as to the particulars referred to in the interrogatories.

The case of *White* v. *Williams*, (8 Ves. 193,) is relied upon by the defendant's counsel to sustain the answers; but I think that case does not settle the principle contended for here. There is, indeed, in that case, an intimation, that if the defendants should answer that they have laid the accounts in the master's office, and that those accounts enable the plaintiff to learn as much as they themselves know of them, it might be sufficient; but Lord Eldon, even as to that expressly declines to give any decided opinion.

In this case, the defendants are not interrogated as to the sales of the glass generally, or as to the amount of such sales. They are called upon to answer specifically as to the items of charge contained in the schedule annexed to the interrogatories. To these inquiries, the defendants are bound to give the best answers they can from their recollection and information, aided by a reference to the books and papers immediately within their control and possession, with such explanations fairly responsive to the questions put, and which are necessary to exclude any improper conclusion to be drawn from those answers, as they may be advised to make. If, on an examination of their books, they are unable to answer these questions, or to recollect anything about it, except from the fact that there is an entry in the books respecting the same, they may then annex a copy of the entries to their answer, or refer to the books in the master's office, specifying particularly the books and pages, or other references by which the information may be obtained by the complainant, and showing that the entries are so made therein that they will be as intelligible to other persons as to themselves, and showing that they have no other knowledge on the subject. (*Purcell* v. *McNamara*, 12 Ves. 173.)

1828.

In the Matter of the Franklin Bank.

I think the exceptions to the sufficiency of the examination are well taken, and they must be allowed. But as exceptions are *not to be encouraged, where the master is satisfied with the sufficiency of the examination, the complainant's costs on these exceptions must abide the event of the suit.